UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN S.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-6185-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his subjective testimony and the medical opinion evidence.[1] (Dkt. # 15 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1971, has a 10th-grade education, and previously worked as a mill operator and shop lead, and underground laborer. AR at 97-102, 117. Plaintiff was last gainfully

---

[1] Plaintiff argues that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but because Plaintiff merely reiterates arguments raised elsewhere in alleging these errors, they need not be addressed separately. (Dkt. # 15 at 17-18.)

ORDER - 1

employed in July 2007. *Id*. at 352.

In November 2016, Plaintiff applied for benefits, alleging disability as of June 1, 2012. AR at 334-40. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 201-09, 213-19. After the ALJ conducted hearings in May and August 2018 (*id*. at 36-109), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-29.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since his application date.

Step two: Plaintiff has the following severe impairments: right arm numbness, multiple sclerosis, major depressive disorder, anxiety disorder, and post-traumatic stress disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Plaintiff can perform light work with additional limitations: he can frequently climb ramps and stairs, and never climb ladders, ropes or scaffolds. He can occasionally balance and stoop, and frequently kneel and crouch. He can be occasionally exposed to extreme heat. He is limited to performing simple, routine task. He can have occasional interaction with coworkers and the public. He has a limited education.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony**

The ALJ discounted Plaintiff's subjective testimony because: (1) Plaintiff's allegations of disabling physical and mental limitations was not supported by objective evidence, and (2) Plaintiff's physical and social activities were inconsistent with his alleged limitations. AR at 21-24. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth

ORDER - 3

...

1   Circuit.[4] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

2   Plaintiff argues that the ALJ merely summarized the objective evidence, without explaining why the evidence undermined his allegations. (Dkt. # 15 at 14.) The ALJ's discussion indeed primarily summarizes the evidence, but the ALJ did explain why the evidence undermines Plaintiff's allegations: the ALJ found that the record that Plaintiff's "physical findings have generally been mild and imaging shows few acute issues[,]" and Plaintiff's "[m]ental status examinations . . . failed to reveal more than moderate limitations[,]" despite Plaintiff's allegation of disabling physical and mental limitations. AR at 22-23. The ALJ also contrasted Plaintiff's allegation of manipulative limitations with the normal nerve studies. *Id.* at 24 (citing *id.* at 1385).

Although lack of objective corroboration alone could not support the ALJ's interpretation of Plaintiff's subjective testimony, the ALJ did not err in considering the extent to which Plaintiff's allegations were consistent with objective evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Furthermore, the ALJ did not err in identifying contradiction between Plaintiff's alleged hand numbness and the normal nerve studies. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Plaintiff has not shown that the ALJ's findings in this regard were unreasonable or otherwise erroneous.

Plaintiff goes on to challenge the ALJ's findings regarding his activities. The ALJ found

---

[4] Plaintiff also devotes a portion of his opening brief to summarizing his hearing testimony; this summary does not advance his challenge to the ALJ's decision. (Dkt. # 15 at 15-17.)

ORDER - 4

that although Plaintiff alleged physical limitations, he was able to "look after himself, and even lift heavy weights, although this gave him some pain[.]" AR at 24 (citing *id*. at 1226). The ALJ found that Plaintiff's activities would be consistent with light work. *Id*. at 24. The Court agrees with Plaintiff that this finding does not demonstrate either contradiction with Plaintiff's allegations, or the existence of transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills[.]").

This error is harmless because the ALJ did, however, identify an inconsistency between Plaintiff's alleged social limitations — he alleged that he had debilitating anxiety and panic attacks, particularly in social situations (AR at 23-24) — and his social activities, which included fishing with friends and couch surfing with friends and his mother. *Id*. at 24. Plaintiff argues that his social interaction does not prove that he does not have severe anxiety (dkt. # 15 at 14-15), but the ALJ did not claim that Plaintiff does not have severe anxiety. Indeed, the ALJ included Plaintiff's anxiety disorder as a severe impairment at step two. AR at 18. The ALJ cited Plaintiff's social activities as evidence that his social limitations were not as severe as Plaintiff alleged. *See, e.g.*, *id*. at 388-89 (Plaintiff reports that he does not spend any time with others and isolates himself wherever he is, because his anxiety makes him not want to be around people). Plaintiff has not shown that the ALJ erred in finding inconsistency between Plaintiff's alleged social limitations and his social activities, or in discounting his allegations on that basis.

Because the ALJ provided legally sufficient reasons to discount Plaintiff's allegations, the Court affirms this portion of the ALJ's decision.

   **B.**  **The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in discounting various medical opinions, each of

ORDER - 5

which the Court will address in turn. Plaintiff also summarizes other medical evidence that does not reference an opinion regarding Plaintiff's functionality (dkt. # 15 at 9-12), and this evidence need not be addressed further because it is untethered to an assignment of error.

*1.    Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996)

*2.    Stacy Donlon, M.D.*

Dr. Donlon, Plaintiff's treating neurologist, completed a multiple sclerosis listing questionnaire in May 2018, describing Plaintiff's symptoms and limitations. AR at 1468-69. The ALJ discounted Dr. Donlon's opinion as inconsistent with the record, which demonstrated that Plaintiff had "few limitations from his multiple sclerosis[.]" *Id*. at 27.

First, Plaintiff suggests that the ALJ erred in failing to acknowledge that Dr. Donlon is Plaintiff's treating neurologist. (Dkt. # 15 at 5.) Plaintiff cites no authority requiring the ALJ to

explicitly acknowledge this, and in any event, the ALJ did acknowledge Dr. Donlon's treating relationship in weighing her opinion. AR at 27 ("Dr. Donlon had the opportunity to examine and treat the claimant.").

Next, Plaintiff argues that the ALJ erred by failing to acknowledge that the opinion of a treating specialist is entitled to the highest weight. (Dkt. # 15 at 5-6.) Plaintiff cites no authority requiring an ALJ to summarize regulations in the decision, and furthermore, even treating source opinions may be discounted for sufficient reasons. *See, e.g.*, *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Plaintiff goes on to argue that the ALJ erred by finding Dr. Donlon's opinion to be inconsistent with the record, because it was in fact supported by her own treatment notes and her longitudinal knowledge of Plaintiff's illness. (Dkt. # 15 at 6.) Plaintiff does not identify any treatment notes that corroborate the extreme limitations Dr. Donlon described in the questionnaire, however. The ALJ referenced treatment notes summarized earlier in the decision, which document Plaintiff's normal strength, normal vision, normal gait, and normal nerve studies. AR at 22-23. These normal findings are reasonably inconsistent with Dr. Donlon's opinion that Plaintiff experienced muscle weakness, blurred vision, and balance problems. *Id*. at 1468-69. Plaintiff did not point to any contrary treatment notes that the ALJ ignored, and thus has not shown that the ALJ erred in finding that the record contradicted Dr. Donlon's opinion. Accordingly, the Court affirms the ALJ's assessment of Dr. Donlon's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

### 3. *Dan Neims, Psy.D.*

Dr. Neims performed a psychological examination of Plaintiff in December 2016 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 454-69. The ALJ summarized Dr. Neims's conclusions and explained that he gave the opinion some weight, but found it inconsistent with the record, which shows that Plaintiff "has some social limitations, [but] mental status examinations have generally shown normal concentration and focus[.]" *Id*. at 26.

Plaintiff argues that the ALJ did not provide any reason to discount the social limitations identified by Dr. Neims. (Dkt. # 15 at 7.) Dr. Neims found that Plaintiff would have moderate limitations in his ability to ask simple questions or request assistance, communicate or perform effectively at work, and maintain appropriate behavior in a work setting. AR at 455. The ALJ's RFC assessment limited Plaintiff to interacting only occasionally with co-workers and the public. *Id*. at 20. Plaintiff has failed to explain why the ALJ's social restrictions are not consistent with the moderate social limitations found in Dr. Neims's opinion, and thus has not shown that the ALJ in fact rejected those social limitations. Because the ALJ's decision is arguably consistent with the social limitations described in Dr. Neims's opinion, the ALJ did not need to provide reasons to discount it. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

### 4. *Keisha Williams, LICSW, MHP*

Ms. Williams completed a medical source statement in May 2017 describing Plaintiff's symptoms and limitations. AR at 1044-49. The ALJ summarized Ms. Williams' statement, noted

ORDER - 8

that Ms. Williams was a treating source but not an acceptable medical source under the regulations, and explained that he discounted her statement because it was internally inconsistent and inconsistent with the objective medical evidence. *Id*. at 26. As examples of internal inconsistencies, the ALJ contrasted Ms. Williams' description of Plaintiff's engagement with therapy and mindfulness therapies with her description of his limited ability to function due to problems with memory and concentration. *Id*. at 1044-49. The ALJ also noted that although Ms. Williams opined that Plaintiff could not interact with others, Plaintiff was able to attend appointments with providers and couch surfed with multiple friends. *Id*. at 26. The ALJ found Ms. Williams' opinion to be inconsistent with the opinion of Dr. Neims, which described at most moderate limitations expected to last six months. *Id*.

Plaintiff argues that the ALJ did not identify any internal inconsistencies in Ms. Williams' statement. (Dkt. # 15 at 9.) But Ms. Williams suggested that Plaintiff used mindfulness therapy to "manage anxious distress" (AR at 1044), and yet nonetheless attributed many of Plaintiff's limitations to his anxiety (*id*. at 1047). To the extent that Ms. Williams suggested that Plaintiff used mindfulness therapies to manage his anxiety symptoms and yet had disabling limitations due to anxiety, the ALJ was not unreasonable in finding an inconsistency here. Although Ms. Williams' opinion could be interpreted differently, Plaintiff has not shown that the ALJ's interpretation was not entitled to deference. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Furthermore, even if the ALJ had failed to identify an internal inconsistency in Ms. Williams' opinion, any error is harmless due to the ALJ's other valid reasons to discount Ms. Williams' opinion. *See Carmickle*, 533 F.3d at 1162-63.

ORDER - 9

Plaintiff goes on to argue that the ALJ erred in discounting the social limitations described by Ms. Williams as inconsistent with Plaintiff's ability to attend appointments and couch surf with multiple friends, contending that those activities are not inconsistent with Ms. Williams' description of his general social capabilities. (Dkt. # 15 at 9.) Plaintiff's ability to attend appointments and socially interact with friends is reasonably inconsistent, however, with Ms. Williams' opinion that Plaintiff was seriously limited in his ability to maintain socially appropriate behavior. *See* AR at 1047. Again, although these aspects of Ms. Williams' opinion could be interpreted differently, Plaintiff has not shown that the ALJ's interpretation was not entitled to deference. *See Morgan*, 169 F.3d at 599.

Plaintiff also argues that the ALJ erred in discounting Ms. Williams' opinion based on Dr. Neims's contradictory opinion, contending that his condition apparently worsened in the five months between Dr. Neims's opinion and Ms. Williams' opinion. (Dkt. # 15 at 9.) Plaintiff cites no records that corroborate this worsening, and counsel's argument does not constitute substantial evidence. The ALJ did not err in finding Dr. Neims's opinion to be inconsistent with Ms. Williams' opinion, or in discounting Ms. Williams' opinion on that basis. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

Because the ALJ provided multiple germane reasons to discount Ms. Williams' opinion, the ALJ's assessment of Ms. Williams' opinion is affirmed.

        5.    *Non-Examining Providers*

The ALJ assigned great weight to the testimony of medical expert James Haynes, M.D. AR at 25. Plaintiff argues that the ALJ's assessment was erroneous because Dr. Haynes did not examine or treat him, and thus Dr. Donlon's opinion should have been given more weight. (Dkt.

ORDER - 10

# 15 at 12-13.) This argument fails to establish that Dr. Haynes's testimony is contradicted by all the evidence in the record, and thus Plaintiff has failed to show that the ALJ erred in crediting Dr. Haynes's testimony.[5] *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

Plaintiff also argues that the ALJ failed to account for Dr. Haynes's opinion that Plaintiff's "fatigue would limit his ability to concentrate and stay on task." *See* AR at 25 (citing hearing testimony). The ALJ's summary of Dr. Haynes's testimony notwithstanding, Dr. Haynes testified that Plaintiff would likely experience some fatigue, but that the record did not corroborate any "overwhelming fatigue." *Id*. at 46-47. Dr. Haynes did not quantify any particular amount of fatigue or identify any mental deficits caused by his fatigue (or any other mental limitations whatsoever), and thus Plaintiff has not shown that the ALJ's RFC assessment is inconsistent with any particular part of Dr. Haynes's testimony. Because Plaintiff has failed to identify any inconsistency between the ALJ's RFC assessment and Dr. Haynes's hearing testimony, Plaintiff has failed to show that the ALJ did not fully account for Dr. Haynes's testimony. Accordingly, Plaintiff has failed to establish any error in the ALJ's assessment of Dr. Haynes's testimony.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

---

[5] Plaintiff raises the same objection to the treatment of the State agency psychological consultant's opinion (dkt. # 15 at 13), but again has failed to show that the consultant's opinion was contradicted by the remainder of the record. Accordingly, Plaintiff has failed to show error in the ALJ's crediting of the State agency psychological opinion. *See Andrews*, 53 F.3d at 1041.

Dated this 25th day of September, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12